UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL T. LLOYD and LARRY THOMPSON,

                          07 CIV. 4733 (VM) (DCF)

        Plaintiffs,

        vs.                        **COMPLAINT**

CITY OF NEW YORK, NEW YORK CITY        **JURY TRIAL**
POLICE DEPARTMENT, POLICE OFFICER    **DEMANDED**
STEPHEN GUINEY, POLICE OFFICER PHILIP
SCANDALE, AND POLICE OFFICERS JOHN DOES
NUMBERS 1-3 AND POLICE OFFICER JANE
DOE, EACH UNKNOWN AND INTENDED TO BE OTHER
NEW YORK CITY POLICE OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN,

        Defendants.
-------------------------------------------------------------------X

        Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON, by their attorneys, Brian K.

Robinson, P.C., complaining of the defendants herein, respectfully allege as follows:

## PRELIMINARY STATEMENT

        1.      This is an action to recover money damages arising out of defendants' violation of

plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and

of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United

States Constitution, and the laws of the State of New York.  Plaintiffs MICHAEL T. LLOYD

and LARRY THOMPSON are both men of African descent who are United States citizens with

no criminal records and no prior arrests.  Plaintiff MICHAEL T. LLOYD was forty-one years

old at the time of the incident and plaintiff LARRY THOMPSON was forty-nine years old at the

time of the incident.  Plaintiffs, while doing nothing illegal or improper were deprived of their

constitutional and common law rights when defendants, POLICE OFFICER STEPHEN

GUINEY and POLICE OFFICER PHILIP SCANDALE, together with POLICE OFFICERS
JOHN DOES 1-3 and POLICE OFFICER JANE DOE, UNKNOWN AND INTENDED TO BE
OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCE
HEREIN (hereinafter collectively referred to as the "individual police officer defendants"),
unlawfully discriminated against them on the basis of race, creed, color, gender, sexual
orientation and/or national origin,  assaulted and battered plaintiffs, used unnecessary and
excessive force upon plaintiffs, unlawfully detained plaintiffs, falsely arrested plaintiffs,
unlawfully imprisoned plaintiffs, falsely accused plaintiffs of crimes that they did not commit,
causing plaintiffs to become physically, psychologically and emotionally injured and prosecuted
for crimes that they did not commit until the criminal cases were ultimately dismissed shortly
after the incident occurred.

### JURISDICTION

2.     This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986
and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments
to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331
and 1343 and the aforementioned statutory and constitutional provisions.

3.     Plaintiffs further invoke this Court's supplemental  jurisdiction, pursuant to 28
U.S.C. §1367, over any and all State law claims and causes of action which derive from the same
nucleus of operative facts and are part of the same case or controversy that give rise to the
federally based claims and causes of action.

### VENUE

4.     Venue is proper for the United States District Court for the Southern District of
New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## **PARTIES**

5.     Plaintiff MICHAEL T. LLOYD was and still is a resident of the County, City and State of New York.

6.     Plaintiff MICHAEL T. LLOYD is a United States citizen of African descent.

7.     Plaintiff LARRY THOMPSON was and still is a resident of Kings County, in the City and State of New York.

8.     Plaintiff LARRY THOMPSON is a United States citizen of African descent.

9.     At all times relevant herein, defendant POLICE OFFICER STEPHEN GUINEY, shield number 24542, was, and still is, a police officer, agent, servant and employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK, assigned to the 26th Precinct in the County, City and State of New York.

10.     At all times relevant herein, defendant POLICE OFFICER PHILIP SCANDALE, shield number 2564 , was, and still is, a police officer, agent, servant and employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK, assigned to the 26th Precinct in the County, City and State of New York.

11.     At all times relevant herein, defendant POLICE OFFICER JOHN DOE 1, shield number unknown, was, and still is, a police officer with the NEW YORK CITY POLICE DEPARTMENT.

12.     At all times relevant herein, defendant POLICE OFFICER JOHN DOE 1, shield number unknown, was, and still is, an agent of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

13.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 1, shield number unknown, was, and still is, a servant of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

14.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 1, shield number unknown, was, and still is, an employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

15.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 2, shield number unknown, was, and still is, a police officer with defendant, the NEW YORK CITY POLICE DEPARTMENT.

16.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 2, shield number unknown, was, and still is an agent of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

17.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 2, shield number unknown, was, and still is, a servant of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

18.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 2, shield number unknown, was, and still is, an employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

19.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 3, shield number unknown, was, and still is, a police officer with defendant, the NEW YORK CITY POLICE DEPARTMENT.

20.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 3, shield number unknown, was, and still is, an agent of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

21.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 3, shield number unknown, was, and still is, a servant of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK..

22.    At all times relevant herein, defendant POLICE OFFICER JOHN DOE 3, shield number unknown, was, and still is, an employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

23.    At all times relevant herein, defendant POLICE OFFICER JANE DOE, shield number unknown, was, and still is, a police officer with defendant, the NEW YORK CITY POLICE DEPARTMENT.

24.    At all times relevant herein, defendant POLICE OFFICER JANE DOE, shield number unknown, was, and still is, an agent of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

25.    At all times relevant herein, defendant POLICE OFFICER JANE DOE, shield number unknown, was, and still is, a  servant of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

26.    At all times relevant herein, defendant POLICE OFFICER JANE DOE, shield number unknown, was, and still is, an employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

27.    At all times relevant herein, defendants, POLICE OFFICERS JOHN DOES 1-3, were, and still are, assigned to the 26th Precinct in the County, City and State of New York.

28.     At all times relevant herein, defendant, POLICE OFFICER JANE DOE, was, and still is, assigned to the 26th Precinct in the County, City and State of New York.

29.     At all times relevant herein, defendants POLICE OFFICERS JOHN DOE NUMBERS 1-3, and POLICE OFFICER JANE DOE, EACH UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN, were  police officers of the New York City Police Department.  At all times relevant herein, they were acting in their respective capacities as agents, servants and employees of defendants the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

30.     At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of defendant the NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of defendant the NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant the NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of defendant the NEW YORK CITY POLICE DEPARTMENT.

31.     In the alternative, at all times relevant hereto, the individual police officer defendants were acting individually and they are also being sued herein in their individual capacities.

32.     Defendant the CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police

department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by defendant the NEW YORK CITY POLICE DEPARTMENT.

## STATEMENT OF FACTS

33.     On or about March 4, 2006, at approximately 10:30 p.m., plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON entered the Dinosaur Bar-B-Que, located at 646 West 131st Street (corner of 131st Street and 12th Avenue), in the County, City and State of New York (an establishment that plaintiff MICHAEL T. LLOYD had been a past patron of),  to have dinner in belated celebration of plaintiff LARRY THOMPSON's birthday.

34.     Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON arrived at the Dinosaur Bar-B-Que in a Lincoln Town Car/taxi which they had hailed after leaving the residence of  MICHAEL T. LLOYD.

35.     Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON are friends.

36.     Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON were catching up on old times, listening to music and discussing various issues, including, but not necessarily limited to, people that they knew in common, , trips that they had recently taken and various other topics.

37.     For approximately three hours, until March 5, 2006, at approximately 1:15 a.m., plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON engaged in conversation, listened to music, ate appetizers, dinner and dessert, and each plaintiff slowly sipped no more than 2 ½

glasses of alcohol and a couple of glasses of water between the glasses of alcohol throughout this entire period of time.

38.    Throughout this entire time, plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON had conducted themselves in an appropriate, law-abiding manner and at no time were plaintiffs acting intoxicated, disorderly, or acting in any type of inappropriate or unlawful manner.

39.    After paying for their meal and drinks, plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON decided to leave the restaurant to go first to plaintiff MICHAEL T. LLOYD's residence so that he could change clothes, and then to a party in downtown Manhattan.

40.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON decided to use the same method of transportation they arrived in.

41.    At some time on March 5, 2006, at approximately 1:30 a.m., plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON, stood at the curb outside of the Dinosaur Bar-B-Que to hail a taxi.

42.    A black Lincoln Town Car stopped at the curb where plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON were standing.

43.    Plaintiff MICHAEL T. LLOYD entered the car first, through the rear passenger side door, followed by plaintiff LARRY THOMPSON.

44.    The Lincoln Town Car was occupied by the male driver and a female sitting in the front passenger seat.

45.     Plaintiffs MICHAEL T. LLOYD gave the driver his address and asked that he and plaintiff LARRY THOMPSON be taken to that address. The driver responded by informing plaintiffs that he would not take them anywhere.

46.     After hearing the driver's refusal, plaintiffs were confused, and asked the driver if he was refusing because both plaintiffs were African-American.

47.     The driver and his passenger immediately and abruptly, and without responding, exited the Lincoln Town Car without saying another word, and ran away from the vehicle.

48.     Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON subsequently exited the  Lincoln Town Car and went back to the restaurant to report the strange occurrence, and to request that the restaurant call 911.

49.     Plaintiff LARRY THOMPSON went to bathroom inside the restaurant, while plaintiff MICHAEL T. LLOYD spoke with the bouncer, who called 911.

50.     Plaintiff MICHAEL T. LLOYD and the bouncer for the restaurant were standing outside the restaurant when approximately three unidentified police officers, including POLICE OFFICER JANE DOE, approached and began questioning them.

51.     Plaintiff LARRY THOMPSON upon exiting the restaurant, after using the bathroom inside, noticed the unidentified police officers, including POLICE OFFICER JANE DOE, talking to plaintiff MICHAEL T. LLOYD and the bouncer, approximately four feet in front of the entrance to the restaurant.

52.     Plaintiff LARRY THOMPSON was never given an opportunity to say anything to any of the police officers because he was grabbed without cause or provocation, by other officers as soon as he exited the restaurant, spun around, assaulted, arms pinned behind his back,

handcuffed, slammed against the wall or the ground, causing him to lose consciousness, and placed in a police squad car and taken to the 26th Precinct.

53.    Plaintiff MICHAEL T. LLOYD was grabbed simultaneously without cause or provocation by POLICE OFFICER STEPHEN GUINEY or PHILIP SCANDALE.

54.    Plaintiff MICHAEL T. LLOYD was assaulted by at least five police officers, including POLICE OFFICER STEPHEN GUINEY and/or POLICE OFFICER PHILIP SCANDALE, who shoved him to the ground.

55.    Plaintiff MICHAEL T. LLOYD was further assaulted by the approximately five police officers, including POLICE OFFICER STEPHEN GUINEY and/or POLICE OFFICER PHILIP SCANDALE, when the police officers slammed his head into the pavement.

56.    Plaintiff MICHAEL T. LLOYD was further assaulted by the approximately five police officers, including POLICE OFFICER STEPHEN GUINEY and/or POLICE OFFICER PHILIP SCANDALE, when the police officers proceeded to step on his back, while also kicking or kneeing him in his back, and handcuffing his hands behind his back in an extremely and unnecessarily tight manner, during which assault he lost consciousness.

57.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON were both transported to the 26th precinct in separate police vehicles, where they were searched, fingerprinted, photographed, placed into a holding cell and otherwise processed and put through the system, without ever being given a reason for their arrests.

58.    Plaintiff MICHAEL T. LLOYD was not given immediate medical attention, although he repeatedly requested it upon regaining consciousness in the holding cell at the 26th Precinct.

59.    After requesting medical attention, plaintiff MICHAEL T. LLOYD's wallet was thrown at him in the 26th Precinct holding cell by an unidentified police officer.

60.    Plaintiff MICHAEL T. LLOYD was subsequently taken to St. Luke's Roosevelt Hospital, accompanied by unidentified police officers, including POLICE OFFICER STEPHEN GUINEY and/or POLICE OFFICER PHILIP SCANDALE.

61.    One of the accompanying officers, who was also one of the arresting officers, engaged in acts of mocking plaintiff MICHAEL T. LLOYD and laughing at him while he was awaiting treatment at the hospital.

62.    Plaintiff was subsequently taken to Central Booking in Manhattan, where he was eventually released being issued a Desk Appearance Ticket indicating charges of resisting arrest and disorderly conduct.

63.    For some strange reason, plaintiff LARRY THOMPSON was never taken to Central Booking.  Instead, he was repeatedly told that he was a gentleman by an unidentified male, Caucasian, police officer, who ultimately informed him that he was being released, again without any explanation for his arrest and incarceration.

64.    Plaintiff LARRY THOMPSON was subsequently placed in a police squad car with two unidentified officers and released in the early morning hours of March 5, 2006 at the corner of 122nd Street and Amsterdam Avenue.

65.    Plaintiff LARRY THOMPSON stopped at the first phone booth he came to and dialed 911.  A police squad car, occupied by two officers, responded to his 911 call, and took him back to the 26th Precinct.  One of the officers asked him if he remembered getting into a cab that was not a cab. He was again released, without further processing.

66.     Based upon the very vague statement(s) given by the driver and/or the passenger of the Lincoln Town Car, plaintiff MICHAEL T. LLOYD was wrongfully charged by the New York County District Attorney's Office with Resisting Arrest, pursuant to Penal Law §205.30 and Disorderly Conduct, pursuant to Penal Law §240.20(1).

67.     Based upon the very vague statement(s) given by the driver and/or the passenger of the Lincoln Town Car, plaintiff LARRY THOMPSON was wrongfully charged by the New York County District Attorney's Office with Disorderly Conduct, pursuant to Penal Law §240.20(1).

68.     Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON were caused to appear in court multiple times to fight the charges against them.

69.     The criminal cases against plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON were dismissed on or about June 22, 2006 and May 3, 2006, respectively.

70.     As a result of the above-mentioned acts of defendants, plaintiff MICHAEL T. LLOYD suffered physical injuries, including, but not limited to, severe neck and back pain, visual disturbances in his right eye, extensive abrasions on his right cheek, right forehead and right temple, and bruising to both wrists, deprivation of his liberty, loss of reputation, violation of due process and other Federal and state constitutional rights, and extreme emotional, mental and psychological anguish, including, but not limited to, humiliation, loss of sleep, nightmares, paranoia, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life and performance of daily activities.

71.     As a result of the above-mentioned acts of defendants, plaintiff LARRY THOMPSON suffered headaches, deprivation of his liberty, loss of reputation, violation of due process and other Federal and state constitutional rights, and extreme emotional, mental and

psychological anguish, including, but not limited to, humiliation, loss of sleep, nightmares, paranoia, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life, performance of daily activities.

72.    The above-mentioned acts were all conducted in violation of plaintiffs' constitutional rights and were perpetrated by the individual police officer defendants under color of law.  Plaintiffs allege that defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are liable for the assault, battery, excessive force, unlawful detention, false arrest and unlawful imprisonment under a theory of Respondeat Superior.  Similarly, defendant CITY OF NEW YORK is liable for maliciously prosecuting plaintiff under a theory of Respondeat Superior.   This is because, among other reasons, defendant the CITY OF NEW YORK has tolerated and permitted a pattern of illegal actions against persons, including assault, battery, excessive force, unlawful detention, false arrest and unlawful imprisonment, and has failed to maintain a proper system for reviewing these violations by police officers.  As a result, New York City police officers are encouraged to believe that they can violate the rights of persons, particularly African-American males like plaintiffs with impunity.

73.    At all times mentioned herein, defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to plaintiffs' rights.

### FIRST CAUSE OF ACTION
### Violation of Plaintiffs' Federal Constitutional Rights

74.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 73 with the same force and effect as if more fully set forth at length herein.

75.    The detention of plaintiffs without probable cause and without an arrest warrant was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment to the United States Constitution and deprived plaintiffs of their liberty.

76.    The seizure and deprivation of plaintiffs' liberty were unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

77.    As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, all committed under color of their authority as police officers, and while acting within that capacity, plaintiffs suffered physical harm, deprivation of their liberty and emotional damage, all of which is in violation of their rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. §§1983, 1985, 1986 and 1988.

78.    As a further result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, plaintiffs were deprived of their rights and immunities secured by the Constitution and laws of the State of New York including, but not limited to, their rights to be secure in their person, to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

79.    By assaulting and battering plaintiffs and by subjecting plaintiffs to false arrest, imprisonment and prosecution, the defendants directly violated the rules and regulations of the New York City Police Department.

80.    That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

## SECOND CAUSE OF ACTION
### Assault

81.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82.    Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act(s) which threatened such contact to plaintiffs and that such act(s) caused apprehension of such contact to plaintiffs.

83.    The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

84.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

85.    That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

**THIRD CAUSE OF ACTION**
**Battery**

86.     Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 85 with the same force and effect as if more fully set forth at length herein.

87.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiffs, when they, in a hostile and/or offensive manner forcibly touched plaintiffs without plaintiffs' consent and with the intention of causing harmful and/or offensive bodily contact to plaintiffs and caused such battery.

88.     The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

89.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

90.     That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

**FOURTH CAUSE OF ACTION**
**False Arrest**

91.     Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 90 with the same force and effect as if more fully set forth at length herein.

92.    The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiffs' rights under the Constitution and laws of the State of New York.

93.    The defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of such confinement.  In addition, plaintiffs did not consent to the confinement and such confinement was not otherwise privileged.

94.    The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

95.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

96.    That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

### FIFTH CAUSE OF ACTION
### False Imprisonment

97.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 96 with the same force and effect as if more fully set forth at length herein.

98.    The above-mentioned acts and conduct committed by the defendants constituted false imprisonment and defendants violated plaintiffs' rights under the Constitution and laws of the State of New York.

99.    The defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of such confinement.   In addition, plaintiffs did not consent to the confinement and such confinement was not otherwise privileged.

100.    The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

101.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

102.    That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

## SIXTH CAUSE OF ACTION
### Negligence

103.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON  repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 102 with the same force and effect as if more fully set forth at length herein.

104.    The above-mentioned acts and conduct committed by the individual police officer defendants constituted negligence for their failure to prevent the unlawful discrimination against plaintiffs and the unlawful search, seizure, assault, arrest, imprisonment and malicious prosecution of plaintiffs, failure to investigate the allegations made against plaintiffs, failure to interview potential witnesses and failure to otherwise handle the situation properly pursuant to

the procedures and guidelines set forth by defendant the NEW YORK CITY POLICE DEPARTMENT, despite having a reasonable opportunity to do so.

105.    That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

### SEVENTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

106.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON  repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 105 with the same force and effect as if more fully set forth at length herein.

107.    Defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individual police officer defendants who were unfit for the performance of police duties on the date, time and place of this incident.

108.    The failure of the Mayor of the City of New York and the Police Commissioner of the New York City Police Department to adequately hire, retain, train, supervise, discipline, or in any other way control the behavior of the individual police officer defendants in the exercise of their police functions, and their failure to enforce the laws of the State of New York and the regulations of the New York City Police Department is evidence of the reckless disregard for the rights of the public, including plaintiffs, and exhibited a lack of degree of due care which prudent and reasonable individuals would show in executing the duties of the Mayor and Police Commissioner.

109.    Such conduct was carried out willfully, wantonly, maliciously and with reckless disregard for the dangers of harm and injury to the citizens of the State of New York, including plaintiffs.

110.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

111.    That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

## EIGHTH CAUSE OF ACTION
### Discrimination on the Basis of Race

112.    Plaintiffs MICHAEL T. LLOYD and LARRY THOMPSON repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 111 with the same force and effect as if more fully set forth at length herein.

113.    By their conduct as set forth above, the defendants demonstrated that they were motivated in their unlawful actions by reasons of discrimination on the bases of race, creed, color, gender, sexual orientation and/or national origin against plaintiffs, in violation of the New York Human Rights Law and the New York Executive Law, as well as under the laws of the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and their rights under the Constitution and other laws of the State of New York.

114.    That by reason of the foregoing, plaintiffs suffered serious physical and emotiona injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) as to each plaintiff.

## JURY DEMAND

115.    Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants as follows:

(1)    On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(2)    On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(3)    On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(4)    On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(5)    On the FIFTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(6)    On the SIXTH CAUSE OF ACTION against defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(7)    On the SEVENTH CAUSE OF ACTION against defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(8)    On the EIGHTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(9)    That plaintiffs recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

(10)    That plaintiffs have such other and further relief as this Court shall deem just and proper.

Dated: June 4, 2007
       New York, New York


                                    s/ Brian K. Robinson, Esq.
                               BRIAN K. ROBINSON, ESQ. (BR 9535)
                               BRIAN K. ROBINSON, P.C.
                               Plaintiffs' Attorneys
                               103 East 125th Street, Suite 1102
                               New York, New York 10035
                               (212) 722-4900 Ext. 311