

|  | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SARAH B. EVANS<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-1041<br>Fax: (212) 788-9776 |

July 5, 2007

**VIA HAND DELIVERY**
Honorable Victor M. Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 7-6-07

Re: Michael Lloyd, et al v. City of New York, et al., 07 CV 4733 (VM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York and the New York City Police Department. In that capacity, I write with the consent of plaintiff's counsel, Brian Robinson, Esq., to respectfully request a sixty-day enlargement of time, from July 5, 2007 until September 5, 2007, within which the City and the New York City Police Department may answer or otherwise respond to the complaint. This is the first request for an enlargement of time.

      The complaint alleges that plaintiffs Michael Lloyd and Larry Thompson were falsely arrested, assaulted, and maliciously prosecuted. In addition to the City of New York and the New York City Police Department, plaintiff names Police Officer Guiney, Police Officer Scandale, and several unidentified New York City Police Officers as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this office to forward to plaintiff for execution a medical release and an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. Defendant cannot obtain these records without the authorization, and without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, the City defendant requires this enlargement so that this office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

      Moreover, we must ascertain whether the individuals named in this action have been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent each individual named in this action. Each individual must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain each individual's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

      In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

Respectfully submitted,

*[signature]*

Sarah B. Evans (SE 5971)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Brian Robinson, Esq. (By fax)
       Attorney for Plaintiff
       1825 Park Avenue, Suite 1102
       New York, New York 10035
       *Fax*: 212-722-4966

> **Request GRANTED.** The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to 9-5-07.
>
> **SO ORDERED.**
>
> 9-6-07
> DATE      VICTOR MARRERO, U.S.D.J.

---

[1] Upon information and belief, Police Officers Guiney and Scandale have not been served with a copy of the summons and complaint in this action. Without making any representation on behalf of these individuals, assuming service was properly effected, it is respectfully requested that their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.