UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MICHAEL T. LLOYD and LARRY THOMPSON,

                                  Plaintiffs,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER STEPHEN
GUINEY, POLICE OFFICER PHILIP SCANDALE, AND
POLICE OFFICERS JOHN DOES NUMBERS 1-3 AND
POLICE OFFICER JANE DOE, EACH UNKNOWN
AND INTENDED TO BE OTHER NEW YORK CITY
POLICE OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN,

                                Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT**

07 CV 4733 (VM)

**JURY TRIAL DEMANDED**

Defendants City of New York, the New York City Police Department, Police Officer Guiney and Police Officer Scandale, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' age, ethnicity, prior criminal histories and arrest records, and admit that plaintiffs purport to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint ,except admit that plaintiffs purport to bring this action and invoke the jurisdiction of the Court as stated therein.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the supplemental jurisdiction of the Court as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that Stephen Guiney was employed by the City of New York as a Police Officer in March 2006 and assigned to the 26th Precinct.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except

2006 and assigned to the 26th Precinct.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

of the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Paragraph "30" of the complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

31.     Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiff purports to sue the officers as stated therein.


respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

- 4 -

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint, except admit that police officers responded to the vicinity of 12th Avenue and West 131st Street on March 5, 2006.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.


56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint, except admit that plaintiffs were arrested on March 5, 2006.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Thompsons' release from custody, and admit plaintiffs concede a police officer told plaintiff Thompson that he was behaving like a gentleman.

64.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66.    Deny the allegations set forth in paragraph "66" of the complaint..

67.    Deny the allegations set forth in paragraph "67" of the complaint..

68.    Deny the allegations set forth in paragraph "68" of the complaint, except

concerning the number of court appearances.

69.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint..

70.    Deny the allegations set forth in paragraph "70" of the complaint.

71.    Deny the allegations set forth in paragraph "71" of the complaint.

72.    Deny the allegations set forth in paragraph "72" of the complaint.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege paragraphs "1" through "73" of this answer as if fully set forth herein.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny the allegations set forth in paragraph "78" of the complaint.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     Deny the allegations set forth in paragraph "80" of the complaint.

81.     In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege paragraphs "1" through "80" of this answer as if fully set forth herein.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Paragraph "83" sets forth legal conclusions, rather than averments of fact, to which no response is required.


admit that plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     In response to the allegations set forth in paragraph "86" of the complaint, defendants repeat and reallege paragraphs "1" through "85" of this answer as if fully set forth herein.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     Paragraph "88" sets forth legal conclusions, rather than averments of fact, to which no response is required.

89.     Deny the allegations set forth in paragraph "89" of the complaint, except admit that plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege paragraphs "1" through "90" of this answer as if fully set forth herein.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     Deny the allegations set forth in paragraph "93" of the complaint.

94.     Paragraph "94" sets forth legal conclusions, rather than averments of fact, to which no response is required.

95.     Deny the allegations set forth in paragraph "95" of the complaint, except admit that plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

96.     Deny the allegations set forth in paragraph "96" of the complaint.

97.     In response to the allegations set forth in paragraph "97" of the complaint,

herein.

98.     Deny the allegations set forth in paragraph "98" of the complaint.

99.     Deny the allegations set forth in paragraph "99" of the complaint.

100.     Paragraph "100" sets forth legal conclusions, rather than averments of fact, to which no response is required.

101.    Deny the allegations set forth in paragraph "101" of the complaint, except admit that plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

102.    Deny the allegations set forth in paragraph "102" of the complaint.

103.    In response to the allegations set forth in paragraph "103" of the complaint, defendants repeat and reallege paragraphs "1" through "102" of this answer as if fully set forth herein.

104.    Deny the allegations set forth in paragraph "104" of the complaint.

105.    Deny the allegations set forth in paragraph "105" of the complaint.

106.    In response to the allegations set forth in paragraph "106" of the complaint, defendants repeat and reallege paragraphs "1" through "105" of this answer as if fully set forth herein.

107.    Deny the allegations set forth in paragraph "107" of the complaint.

108.    Deny the allegations set forth in paragraph "108" of the complaint.

109.    Deny the allegations set forth in paragraph "109" of the complaint.

110.    Deny the allegations set forth in paragraph "110" of the complaint, except admit that plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

112.    In response to the allegations set forth in paragraph "112" of the complaint, defendants repeat and reallege paragraphs "1" through "111" of this answer as if fully set forth herein.

113.    Deny the allegations set forth in paragraph "113" of the complaint.

114.    Deny the allegations set forth in paragraph "114" of the complaint.

115.    Deny the allegations set forth in paragraph "115" of the complaint, except admit that plaintiffs purport to demand a trial by jury as stated therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

116.    The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

117.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

118.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

119.    Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

120.    Plaintiffs provoked any incident.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

121.    The actions of any police officer involved, including Police Officers Scandale and Guiney, were justified by probable cause and/or reasonable suspicion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

122.    Defendants Guiney and Scandale have not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, are protected by qualified immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

123.    At all times relevant to the acts alleged in the complaint, defendant Officers Scandale and Guiney acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

124.    Punitive damages cannot be recovered as against the City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

125.    At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

126.    To the extent the complaint alleges claims against the City of New York

the exercise of governmental functions.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

127.    There was probable cause for plaintiffs' arrests and prosecutions.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

128.    The New York City Police Department is a non-suable entity.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

129.    Plaintiffs' claims may be barred in part by the applicable statute of limitations period.

**WHEREFORE,** defendants City of New York, the New York City Police Department, Police Officer Guiney and Police Officer Scandale request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          October 19, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York, New
                              York City Police Department, Police Officer
                              Scandale and Police Officer Guiney
                              New York, New York 10007
                              (212) 788-1041

                              By:    _____
                                     Sarah Evans (SE 5971)
                                     Assistant Corporation Counsel


To:    Brian Robinson, Esq. (By ECF and first-class mail)
       Attorney for Plaintiffs
       1825 Park Avenue, Suite 1101
       New York, NY 10035

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

        I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on October 19, 2007, I served the annexed **ANSWER TO THE COMPLAINT** by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

        Brian Robinson, Esq.
        Attorney for Plaintiffs
        1825 Park Avenue, Suite 1101
        New York, NY 10035

Dated: New York, New York
       October 19, 2007

                                    Sarah Evans
                                    Assistant Corporation Counsel

Docket No. 07 CV 4733 (VM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL T. LLOYD and LARRY THOMPSON,

                    Plaintiffs,

       -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
STEPHEN GUINEY, POLICE OFFICER PHILIP
SCANDALE, AND POLICE OFFICERS JOHN
DOES NUMBERS 1-3 AND POLICE OFFICER
JANE DOE, EACH UNKNOWN AND
INTENDED TO BE OTHER NEW YORK CITY
POLICE OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN,

                    Defendants.

## ANSWER TO THE COMPLAINT

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, New*
*York City Police Department, Police Officer*
*Scandale and Police Officer Guiney*
*100 Church Street*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2007*

*.................................................................. Esq.*

*Attorney for ..........................................................*