

| | THE CITY OF NEW YORK | **SARAH B. EVANS** |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Assistant Corporation Counsel<br>Special Federal Litigation Division<br>Telephone: (212) 788-1041<br>Facsimile: (212) 788-9776 |

May 12, 2008

**BY ECF**

Honorable Victor Marrero
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  <u>Michael T. Lloyd, et al., v. The City of New York et al.</u>, 07 CV 4733 (VM)

Your Honor:

      Enclosed please find a STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE which has been executed by the parties in the above-referenced matter. We respectfully request that Your Honor endorse the enclosed STIPULATION.

      Thank you for your consideration in this matter.

                                         Respectfully submitted,

                                         Sarah B. Evans
                                         Assistant Corporation Counsel

Enc.

cc:     Brian Robinson, Esq. (By ECF)
        Attorney for Plaintiffs
        1825 Park Avenue, Suite 1101
        New York, New York 10035

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| MICHAEL T. LLOYD and LARRY THOMPSON, | **STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE** |
| Plaintiffs, | |
| -against- | |
| THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER STEPHEN GUINEY, POLICE OFFICER PHILIP SCANDALE, AND POLICE OFFICERS JOHN DOES NUMBERS 1-3 AND POLICE OFFICER JANE DOE, EACH UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN, | 07 CV 4733 (VM) |
| Defendants. | |

------------------------------------------------------------------x

**WHEREAS,** plaintiffs commenced this action by filing a complaint on or about June 4, 2007, alleging that defendants violated their constitutional rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**WHEREAS,** plaintiffs have authorized counsel to settle this matter as against defendants on the terms enumerated below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. This above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiffs Michael Lloyd and Larry Thompson, the total sum of FIFTY FIVE THOUSAND DOLLARS ($55,000) in full satisfaction of all claims, including claims for costs, expenses and attorney's fees. The settlement monies shall be allocated as follows: MICHAEL LLOYD, THIRTY THREE THOUSAND FIVE HUNDRED FIFTY DOLLARS ($33,550); LARRY THOMPSON, TWENTY ONE THOUSAND FOUR HUNDRED FIFTY DOLLARS ($21,450). In consideration for the payment of this sum, plaintiffs agree to the dismissal of all claims against the City of New York, the New York City Police Department, and all individually named defendants, and to release all defendants and any present or former employees or agents of the City of New York from any and all liability, claims, or rights of action that have or could have been alleged by plaintiffs in this action arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiffs shall execute and deliver to City defendant's attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and an Affidavit of No Liens or an Affidavit Concerning Liens, which ever applies.

4. Nothing contained herein shall be deemed to be an admission by defendants or the City of New York that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
　　　　May 6th, 2008

| | |
|---|---|
| Brian Robinson, Esq.<br>Attorney for Plaintiffs<br>1825 Park Avenue, Suite 1101<br>New York, NY 10035<br><br>By: /s/ Brian K. Robinson<br>　　　Brian Robinson, Esq. | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street<br>New York, New York 10007<br>(212) 788-1041<br><br>By: /s/ Sarah B. Evans<br>　　　Sarah B. Evans<br>　　　Assistant Corporation Counsel<br>　　　5/12/08 |

SO ORDERED:

_____
　　U.S.D.J.

- 3 -